STATE OF VERMONT

ENVIRONMENTAL COURT

|                           |   |                         |
|---------------------------|---|-------------------------|
| In re: Appeal of Ben Kernan | } | Docket No. 121-6-00 Vtec |

Decision and Order on Motions to Dismiss

Appellants appealed from a decision of the Planning Commission of the City of Burlington granting a Certificate of Appropriateness to Main Street Landing Company for a project at 50 Lake Street.  Appellant is represented by Carl H. Lisman, Esq.; Appellee Main Street Landing Company is represented by Gordon C. Gebauer, Esq.; Interested person Jack Long, Esq., an attorney, has appeared and represents himself;  the City is represented by Kimberlee J. Sturtevant, Esq.  Appellee-Applicant has moved to dismiss the appeal for lack of party status on the part of Mr. Kernan, and has also moved to dismiss Mr. Long for lack of party status.

This appeal was filed at the City's Department of Planning and Zoning on May 26, 2000, from an April 27, 2000 Planning Commission decision.  Mr. Kernan neither appeared at nor spoke at the April, 2000 Planning Commission hearing in this matter.   Mr. Long states that he appeared at that hearing but did not speak.  Appellee-Applicant argues that Appellant Kernan's failure to participate before the Planning Commission should preclude his being able to bring this appeal.  Appellee-Applicant makes the same argument with regard to Mr. Long, and also argues that his request to join in the appeal is out of time.  Mr. Long argued in a faxed[1] filing dated August 25, 2000,s that Appellee-Applicant also submitted an amendment application to the Planning Commission, which was considered at a Planning Commission hearing on August 10, 2000 at which Mr. Long participated.  However, to date the Court has not received any appeal from such an amendment decision; Mr. Long's participation in a later proceeding cannot affect his standing to participate in an appeal of an earlier decision.

Mr. Kernan and Mr. Long did not appeal the Zoning Board of Adjustment (ZBA)

---

[1]  Original not received at the Court to date.

1

decision approving the project in January 2000. That decision has not been appealed by any other party and has become final, which may have repercussions under 24 V.S.A. §4472(d) for their participation in the present appeal.

As this Court has noted before, although it may be good policy to limit party status in a de novo appeal to those who participated before the municipal body appealed from, the legislature did not impose that limitation in the statute. In re: Appeal of Persis Corporation, Docket No. E95-122 (Vt. Envtl. Ct., April 22, 1996); In re Cliffside Leasing Co., Inc., Docket No. E95-110 (Vt. Envtl. Ct., March 4, 1996); In re Appeal of New England Eateries, Docket No. 95-049 (Vt. Envtl. Ct., August 28, 1995).

The limiting language in 24 V.S.A. § 4471(a): "appearing and having been heard at the hearing before the board of adjustment," applies only to the last sentence of §4471(a), governing which persons must be provided with notice of the filing of the appeal. The only limitation imposed by the plain language of the statute is that the obligation to provide notice of the filing of the appeal is limited to providing notice to those persons who qualified as "interested persons" under §4464 and who participated at the municipal level. On the other hand, nothing in the "exclusivity of remedy" provisions of §4472[2] requires an interested person to have participated in the process of the decision appealed from. Accordingly, Appellee-Applicant's motion to dismiss Mr. Kernan's appeal on this ground must be denied.

With respect to Mr. Long, when parties with standing to participate in an appeal enter an appearance after the 20 days provided in V.R.C.P. 76(e)(2), the Court will allow their participation or intervention if and only if it causes no prejudice to the timely parties. In the present case, Mr. Long was out of time to file an appeal. Therefore, he may participate, if at all, as an interested person and only on the issues raised in the Kernan

[2] This omission contrasts with the "exhaustion of remedies" normally required in an on-the-record appeal to court from a decision of a state administrative agency, and with the finality provisions in §4472(d) for failure to appeal a ZBA or Planning Commission decision to court.

2

Statement of Questions. Even if aligned with the Appellant's position, Mr. Long cannot add to the issues on appeal and his participation could not prevent the dismissal of the appeal should Mr. Kernan lack standing or should there be any other defect in the Kernan appeal. Under these circumstances, Mr. Long's late entry into this appeal causes no prejudice to any other party; therefore the motion to dismiss him will be denied.

We note that in the present case, because neither Mr. Kernan nor Mr. Long appealed the related ZBA decision on this project, it is possible that they may be precluded by the finality provisions of §4472(d)[3] from pursuing the present appeal, depending upon whether issues in the Planning Commission appeal constitute an indirect challenge to the related final ZBA decision. However, the parties have not briefed this issue nor have they provided the two decisions from which the Court could compare the issues, therefore we will not reach it at this time. Further, the Court cannot determine whether subsequent amendments to the Planning Commission's April decision may have rendered moot any part of the present appeal.

Accordingly, based on the foregoing, Appellee-Applicant's Motions to Dismiss are DENIED, and a pre-trial conference is hereby scheduled to be held in person at the Costello Courthouse on Cherry Street in Burlington on Thursday, November 2, 2000 at 12:15 p.m., to discuss the next scheduling of this matter. The parties are advised that the morning of November 9, 2000, may be available for a hearing if one is necessary.

Done at Barre, Vermont, this 23rd day of October, 2000.

_____
Merideth Wright
Environmental Judge

---

[3]Upon the failure of any interested person to appeal to . . . court under section 4471 of this title, all interested persons affected shall be bound by such . . . decision of the board, . . . and shall not thereafter contest, either directly or indirectly, such decision . . . in any proceeding . . . .